**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1558
_____

DAVID SPADE and KATINA SPADE,
h/w, individually and as a class representative
on behalf of others similarly situated,
*Appellants*
v.

SELECT COMFORT CORP., d/b/a Sleep Number;
LEGGETT & PLATT INC.;
JOHN DOE INDIVIDUALS AND BUSINESSES 1-20

_____

Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 3-15-cv-01826)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2016

Before: AMBRO, SHWARTZ, and FUENTES, <u>Circuit Judges</u>.
_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Plaintiffs David and Katina Spade brought a putative class action against Select Comfort Corporation, alleging that its sales contract violates the Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J. Stat. Ann. § 56:12-14. The District Court granted Select Comfort's motion for judgment on the pleadings. Plaintiffs appealed, and we certified two questions to the New Jersey Supreme Court that we viewed as determinative of this appeal. Based on the Supreme Court's answer, which requires a plaintiff to show harm from the defendant's TCCWNA violation, we will vacate and remand to the District Court for further proceedings.

I

Plaintiffs entered into furniture sales contracts that allegedly did not comply with certain New Jersey regulations.[1] The contract excluded allegedly required provisions[2] and included allegedly prohibited phrases such as "all sales final" and "no returns will be authorized or accepted." App. 74.

Plaintiffs brought claims against Select Comfort for statutory damages under TCCWNA, predicated on violations of the New Jersey Division of Consumer Affairs's Delivery of Household Furniture and Furnishings Regulation ("Furniture Delivery

---

[1] There is no allegation that the furniture was not timely delivered but, after delivery, Plaintiffs experienced problems with the furniture. **App. 36-37.**

[2] The contract did not contain the following provisions that must be included in every furniture sale contract in ten-point bold face type: "The merchandise you have ordered is promised for delivery to you on or before (insert date or length of time agreed upon)," N.J. Admin. Code § 13.45A-5.2(a); and "If the merchandise ordered by you is not delivered by the promised delivery date, (insert name of seller) must offer you the choice of (1) canceling your order with a prompt, full refund of any payments you have made, or (2) accepting delivery at a specific later date," id. § 13.45A-5.3(a).

Regulations"), N.J. Admin. Code § 13:45A-5. The Furniture Regulations identify language that must be included in any contract for household furniture by "any person who sells household furniture in or from the State of New Jersey or to any person located outside of the State of New Jersey who sells household furniture into" New Jersey. Id. § 13:45A-5.3(b).

The District Court granted Select Comfort's motion for judgment on the pleadings, holding that Plaintiffs failed to allege a cause of action because the statute requires that a party must be aggrieved to bring a TCCWNA action and Plaintiffs did not allege that they were aggrieved. Plaintiffs appealed[3] and our panel petitioned the New Jersey Supreme Court, pursuant to N.J. Ct. R. 2:12A-1, to answer the following questions:

> (1) Is a consumer who receives a contract that does not comply with the Furniture Delivery Regulations, but has not suffered any adverse consequences from the noncompliance, an "aggrieved consumer" under the TCCWNA?
>
> (2) Does a violation of the Furniture Delivery Regulations alone constitute a violation of a clearly established right or responsibility of the seller under the TCCWNA and thus provide a basis for relief under the TCCWNA?

Certification of Questions of State Law, at 11, Nov. 23, 2016.

The New Jersey Supreme Court granted the petition and answered our questions, holding that "inclusion of language prohibited by N.J. [Admin. Code] § 13:45A-5.3(c) in contracts of sale or sale orders for the delivery of household furniture may alone give rise to a violation of a 'clearly established legal right of a consumer or responsibility of a

---

[3] The District Court had jurisdiction over the case pursuant to 28 U.S.C. § 1332(d)(2)(A). We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291.

3

seller' for purposes of the TCCWNA", and "a consumer who receives a contract that includes language prohibited by . . . § 13:45A-5.3(c), but who suffers no monetary or other harm as a result of that noncompliance, is not an 'aggrieved consumer' entitled to a remedy under the TCCWNA." Spade v. Select Comfort Corp., 181 A.3d 969, 972 (N.J. 2018). The court further explained that an "aggrieved consumer" is one who has been harmed by a violation of N.J. Stat. Ann. § 56:12-15, and that a consumer "may be 'aggrieved' for purposes of . . . [§] 56:12-17 if he or she has suffered harm as a result of the defendant's inclusion of prohibited language in a contract or other writing even if that harm is not a basis for a damages award." Id. at 980. A consumer is not an "aggrieved consumer" under the TCCWNA where there is no evidence the consumer suffered "adverse consequences as a result of the defendant's regulatory violation[.]" Id. at 981. Thus, for a consumer to be an "aggrieved consumer" for the purposes of TCCWNA, the consumer must show "that he or she has suffered harm, even if that harm does not warrant an award of damages, as a result of a violation of . . . [§] 56:12-15[.]" Id.

Because the New Jersey Supreme Court had not previously provided such guidance, and thus Plaintiffs did not have an opportunity to consider it when they drafted their complaint, we will remand so that Plaintiffs review may their proof and, if appropriate, file an amended complaint that comports with the Supreme Court's directives. Nothing herein precludes Select Comfort from engaging in motion practice directed toward the complaint or the District Court from conducting any proceedings that it deems warranted.

## III

For the foregoing reasons, we will vacate the order granting Select Comfort's motion for judgment on the pleadings and remand for further proceedings.